(No. 1699—

Ed Peterson and Martha Peterson, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 14, 1931.*

*Rehearing denied September 8, 1931.*

Large & Reno, for claimant.

Oscar E. Carlstrom, Attorney General; Frank R. Eagleton, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

Claimants are asking an award of $1,508.10 for property which they allege was destroyed by members of the Illinois National Guard on August 12, 1930. Claimants leased a tract of ground near Camp Grant to be used by the Illinois National Guard on an over night march, the lease being for one day. Around eight o'clock in the evening of the 12th of August a granary building located some distance from where the soldiers were stationed caught fire and was destroyed with its contents,- and this claim is for the alleged value of the property lost. It is contended by claimants that fires built by the soldiers spread to the building and burned it. There is no positive evidence that such is the case; but if it be conceded that the property was destroyed through the negligence of the soldiers it does not follow the State is liable to pay for it, in the absence of a statute providing for such payment. (*Joos.* v. *Ill. N. G.,* 257 Ill. 138; *Haye* v. *State,* 5 Ct. Cl. 359.) There is no statute making the State liable for damages caused by the conduct of members of the National Guard while on duty and we cannot allow the claim, and it is therefore denied and the case dismissed.

On September 8, 1931, upon petition for rehearing, the following additional opinion was filed:

Per Curiam: This cause coming on to be heard upon a petition for rehearing received by the clerk on August 24, 1931, and presented by him to this court on this the first day of the September, 1931, term, and the court being fully advised in the premises desires to call attention to Rule 30 of the Rules of the Court of Claims which reads as follows:

A party desiring a rehearing in any cause shall within fifteen days after filing of the opinion, file with the clerk a notice in writing of his intention to ask for a rehearing, and within twenty-five days after the filing of the opinion, he shall file with the clerk five copies of the petition with proof of service on opposite party. The petition shall state briefly the points supposed to have been overlooked, or misapprehended by the court with proper reference to the particular portion of the original abstract and brief relied upon and with authorities and suggestions precisely stated in support of the points. Argument in support of the petition will not be permitted.

In view of the foregoing rule it is the opinion of the court that the petition for rehearing should not be filed and the clerk is hereby ordered and directed to return the petition to the claimant together with a copy of this order.